UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNSTON JEWELERS, INC., a
domestic corporation,

    Plaintiff,

v.                                              Case No: 8:20-cv-2617-MSS-TGW

JEWELERS MUTUAL INSURANCE
COMPANY, S.I., a foreign
corporation,

    Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Remand and Supporting Memorandum of Law, (Dkt. 3), and Defendant's Response in opposition thereto (Dkt. 6). Plaintiff contends that Defendant's removal of this action was improper for two reasons: 1) Defendant's notice of removal was untimely; and 2) Defendant waived its right to remove the action by making affirmative use of the state court. Defendant asserts that it timely removed this action within thirty (30) days of learning the case was removable and undertook no affirmative action in the state court once the case became removable. As such, it contends removal was proper.

Federal courts are courts of limited subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). A removing defendant bears the burden of proving the existence of federal jurisdiction. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal statutes are to be construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

A defendant may remove a case from state to federal court if the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists. See 28 U.S.C. § 1441(a); 28 U.S.C. § 1332. The notice of removal must be filed "within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). If damages are not specified in the complaint, the removing party must prove the amount in controversy by a preponderance of the evidence. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). Further, if "the case stated by the initial pleading is not removable," then a notice of removal may be filed within thirty (30) days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(1). Written responses to discovery requests are considered "other paper" that can put a defendant

2

on notice of its right of removal. § 1446(c)(3)(A); Lowery, 483 F.3d at 1212 n.62 (finding discovery responses are "other paper" for purposes of removal). Thus, if a defendant removes a case more than thirty (30) days after the date the defendant received "an amended pleading, motion, order or other paper from which it" could first ascertain the case was removable, the removal will be untimely and subject the case to remand. § 1446(b)(3).

Here, Plaintiff filed its complaint on May 6, 2020 and sought damages arising out of Defendant's denial of Plaintiff's claim for loss of business income. (Dkt. 1-1 at ¶ 10-17) The complaint, however, did not specify the amount of damages beyond alleging the minimal jurisdictional amount needed to invoke jurisdiction in the Florida circuit court. (Dkt. 1-1) Defendant asserts that it first learned Plaintiff sought damages exceeding $75,000 on October 26, 2020 in reviewing Plaintiff's Response to Defendant's Amended First Request for Production. (Dkt. 1 ¶ 5) Therein, Plaintiff disclosed for the first time that Plaintiff suffered a loss of business income of $225,470.26. (Id.; Dkt. 1-6 at 8) On November 9, 2020, Defendant filed its Notice of Removal well within thirty (30) days of receipt of that "other paper."  Plaintiff has made no substantive claim that prior to receiving Plaintiff's discovery responses Defendant knew or should have known the value of the dispute at issue exceeded $75,000. Consequently, the Court finds that Defendant first ascertained the case was removable on October 26, 2020. Accordingly, Defendant's Notice of Removal was timely and proper unless the right of removal was otherwise waived.

A defendant may waive its right of removal if it participates in some substantial litigation in state court. See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004). Whether a defendant waived its right to removal is determined on case-by-case basis. Id. "A party cannot waive a right [of removal] that it does not yet have." Cruz v. Lowe's Home Centers, Inc., No. 8:09-CV-1030-T-30MAP, 2009 WL 2180489, at *3 (M.D. Fla. July 21, 2009). Thus, to prove waiver, Plaintiff must show that Defendant "proceed[ed] in state court despite having notice of its right to remove the case." Del Rio v. Scottsdale Ins. Co., Case No. 6:05-cv-1429-Orl-19JGG, 2005 WL 3093434, at *5 (M.D. Fla. Nov. 18, 2005). Against this standard, Plaintiff's assertion fails.

Plaintiff asserts that Defendant waived its right of removal because Defendant filed a motion to dismiss, objected to Plaintiff's request for Defendant's motion to be considered without a hearing, and unsuccessfully argued the motion before the state court. (Dkt. 3 ¶ 15) Plaintiff submits that Defendant, in effect, removed this action for the purpose of appealing the adverse judgment. (Id.) As Defendant notes, however, the acts of "waiver" on which Plaintiff relies occurred before the Defendant was on notice that the case was removable. (Dkt. 6 at 11) Specifically, Defendant filed its motion to dismiss on May 28, 2020, its opposition to Plaintiff's notice on June 17, 2020, and argued its motion to dismiss on August 27, 2020. Defendant's motion to dismiss was, ultimately, denied on September 22, 2020. (Dkt. 1-3)

Thereafter, Plaintiff responded to discovery revealing, for the first time, its "amount in controversy" on October 26, 2020. Defendant undertook no further action

4

in the state court and promptly removed the case on November 6, 2020. Therefore, the Court finds the Defendant's actions, or lack thereof, post-notice of its right of removal do not constitute a waiver of its right of removal.

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of March, 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person